IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PASINEE BHAVILAI, individually and on behalf of similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Microsoft Corporation provides its notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

**I.      STATE COURT ACTION**

On May 23, 2022, Plaintiff Pasinee Bhavilai filed a putative class action complaint against Microsoft in the Circuit Court of Cook County, Illinois, captioned *Pasinee Bhavilai v. Microsoft Corporation,* No. 2022-CH-04962. (The Complaint is attached as part of Exhibit 1.) The Complaint and summons were served upon Microsoft on June 1, 2022. (The Summons and Service Confirmation are attached as part of Ex. 1.) Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the state court action are attached as Ex. 1. No substantive matters have been addressed in that action, nor have any motions been heard.

Plaintiff alleges Microsoft violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, by purportedly collecting the "facial biometrics," "facial geometry," and "face

prints" of Plaintiff and members of the putative class without providing written notice and obtaining a written release, in violation of Section 15(b) of BIPA. (*See, e.g.,* Ex. 1, Compl. ¶¶ 9 (pg. 3),[1] 13, 17, 18, 33, 34, 35.) Plaintiff further alleges Microsoft failed to make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric data, in violation of Section 15(a) of BIPA, subjecting her to an informational injury because "Plaintiff . . . to this day does not know the whereabouts of her facial biometrics which Defendant obtained" and she has been "denied...[her] right to statutorily required information." (*See id.* ¶¶ 10 (pg. 3), 15, 19, 20, 35, 37.)

Plaintiff's proposed class includes "[a]ll individuals whose facial biometric identifiers or biometric information were collected, captured, stored, transmitted, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (*Id* ¶ 21.) In her prayer for relief, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief; (3) statutory damages; (4) pre-judgment interest; and (5) attorneys' fees and costs. (*See id.* at 12.)

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 . *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

---

[1] On page 3 of the Complaint, rather than following Paragraph 11 with Paragraph 12, Plaintiff labels the next paragraph as Paragraph 4 (*i.e.*, a second Paragraph 4) and numbers sequentially from there. (*See* Ex. 1.) Thus, for references to Paragraphs 4 through 11 of the Complaint, Microsoft also includes the page numbers to identify which Paragraphs 4 through 11 are referenced.

Under Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014) (noting that legislative history states CAFA's "provisions should be read broadly.").[2]

As demonstrated below, all three conditions are met here, therefore the action is removable under 28 U.S.C. § 1332(d).

### 1. The putative class consists of 100 or more persons.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the Complaint, Plaintiff seeks class certification under Illinois state law (*see* Ex. 1, Compl. ¶¶ 21–28), which permits "[a]n action [to] be maintained as a class action . . . if (1) [t]he class is so numerous that joinder of all members is impracticable[,] (2) [t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) [t]he representative parties will fairly and adequately protect the interest of the class[, and] (4) [t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are patterned after those of Federal Rule

---

[2] By demonstrating this matter is removable under 28 U.S.C. § 1332(d), Microsoft does not waive, and expressly reserves, its arguments that there is no basis to certify a class here.

3

of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 450 (2006). 735 ILCS 5/2-801 therefore is a "similar State statute" under CAFA.

Plaintiff's proposed class has "thousands of members." (Ex. 1, Compl. ¶ 23.)

### 2. The parties are diverse.

The parties are diverse under CAFA because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges she is a resident of Illinois. (Ex. 1, Compl. ¶ 5 (pg. 3).) Microsoft is incorporated in the State of Washington, and has its principal place of business in Redmond, Washington. (*See id.* ¶ 4; *Microsoft Corp. v. Does*, No. 120CV01171AJTIDD, 2021 WL 8444748, at *3 (E.D. Va. Aug. 12, 2021).) Microsoft therefore is a citizen of the State of Washington for purposes of diversity jurisdiction. *See* U.S.C. §1332(c)(1) (providing that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Therefore, the parties are diverse under CAFA.

### 3. The amount in controversy exceeds $5,000,000.

CAFA jurisdiction requires the matter in controversy to exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). BIPA provides that a plaintiff may recover statutory liquidated damages of $1,000 for each negligent violation and $5,000 for each intentional or reckless violation. *See* 740 ILCS 14/20. Plaintiff alleges Microsoft willfully and/or recklessly committed at least two BIPA violations with respect to each class member and seeks $5,000 in statutory damages for each such alleged violation. (Ex. 1, Compl. ¶¶ 33-39.) As noted above, the putative class here is believed to include "thousands of members." (*Id.* ¶ 23.) Multiplying $5,000 by 2 and then by 3,000 equals $30,000,000. As such, the amount in controversy as alleged in the Complaint exceeds the threshold requirement, giving the district courts of the

United States jurisdiction here. *See* 28 U.S.C. § 1332(d)(2); *see also, e.g., Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

### B. CAFA exceptions do not bar removal.

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within any of those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This action does not fall within the exclusions to removal jurisdiction described in these sections because, as demonstrated above, Microsoft, the only defendant, is a citizen of Washington, and is not a citizen of Illinois. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

The exceptions to CAFA removal jurisdiction in Sections 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought under either of those Acts, and therefore those exceptions do not apply.

5

**C. Venue is proper.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County, where Plaintiff originally filed this action. *See* 28 U.S.C. § 1441(a).

**D. Microsoft has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely. Microsoft was served with a copy of the Complaint and Summons on June 1, 2022, and Microsoft filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Microsoft are being filed as Ex. 1. Under 28 U.S.C. § 1446(d), Microsoft will promptly serve on Plaintiff and file with the Circuit Court of Cook County a "Notice of Filing of Notice of Removal." Microsoft will also include a certificate of service under Federal Rule of Civil Procedure 5(d).

**III. RESERVATION OF RIGHTS AND DEFENSES**

Microsoft reserves all its defenses and rights, and none of the foregoing shall be construed as conceding the truth of Plaintiff's allegations or waiving any of Microsoft's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

Microsoft, therefore, removes this action to this Court based on the Court's original jurisdiction over the action under CAFA.

<table>
<tr><td>Dated: June 30, 2022</td><td>Respectfully submitted,<br><br>MICROSOFT CORPORATION<br><br>By:   /s/ *David C. Layden*<br>      *One of its attorneys*</td></tr>
</table>

David C. Layden
Elena M. Olivieri
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
DLayden@jenner.com
EOlivieri@jenner.com

## **CERTIFICATE OF SERVICE**

I, David C. Layden, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on the following counsel of record by electronic mail delivery on the 30th day of June, 2022:

Timothy P. Kingsbury
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
TKingsbury@mcgpc.com

/s/ *David C. Layden*